IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael J. Ferola, #291941, ) | |
| ) | C/A No. 0:04-22236-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Marshall C. Sanford, Governor of South ) | |
| Carolina; John Ozmint, Director of South ) | |
| Carolina Department of Corrections; and ) | |
| Robert E. Ward, Acting Director of ) | |
| Operations, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is an inmate with the South Carolina Department of Corrections. Plaintiff, proceeding *pro se*, filed this action challenging South Carolina's DNA law. He filed a motion for a "Preliminary Injunction" on January 3, 2005. In that motion plaintiff requests an order from this Court prohibiting the defendants "from taking money from Plaintiffs' account(s) from outside sources until such time that the cases are heard at an evidentiary hearing scheduled by this Court."

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on February 10, 2005 in which he recommended that plaintiff's motion should be denied. Plaintiff filed objections to the Report and Recommendation on February 18, 2005.

In order to prevail on a motion for preliminary injunction, plaintiff must show that he will suffer irreparable harm if the motion is not granted and that he has a reasonable likelihood of success on the merits of his claim. Fed. R. Civ. P. 65(a) and (b). A preliminary injunction is an extraordinary

remedies which will not be granted unless there is a clear showing of both irreparable injury and probable success. *White v. Illinois Cent. R. Co.*, 349 U.S. 366 (1955); Murphy *v. Society of Real Estate Appraisers*, 388 F. Supp. 1046, 1049 (E.D. Wis. 1979).

In considering such a motion, the Court should balance the following four factors: 1) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; 2) the likelihood of harm to the defendants if the injunction is granted; 3) the likelihood that the plaintiff will succeed on the merits; and 4) public interest. *Hughes Network Sys. v. InterDigital Com. Corp.*, 17 F.3d 691, 693 (4th Cir. 1994); *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 195-195 (4th Cir. 1977). The balancing of the relative hardships (factors one and two) is the most important determination and how strong a showing the plaintiff must make with regard to the likelihood of success on the merits depends on to what degree the likelihood of irreparable harm balances in his favor. *Blackwelder*, 550 F.2d at 195-196 (*citing Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991)).

Based on the evidence before the court, the plaintiff has failed to show a likelihood of irreparable harm because of the actions of the defendants or a sufficient likelihood that he will succeed on the merits. Plaintiff alleges in his objections that "[n]owhere in the Statute does it Authorize the taking of monies from inmates accounts from outside sources." The Code section at issue states:

> A person who is required to provide a sample pursuant to this article must pay a two hundred and fifty dollar processing fee which may not be waived by the court. If the person is incarcerated, the fee must be paid before the person is paroled or released from confinement and may be garnished from wages the person earns while incarcerated. If the person is not sentenced to a term of confinement, payment of the fee must be a condition of the person's sentence and may be paid in installments if so ordered by the court.

S.C. Code Ann. § 23-3-670(A). Plaintiff argues that "John Ozmint admits in a Newspaper Article that

2

State Law Prohibits S.C.D.C. from taking inmates funds." In the newspaper article plaintiff is referring to, Ozmint is quoted as saying "state law does not allow the prison system to withhold a part of wages." However, that article goes on to state: "That leaves only the inmates' trust accounts as a means of paying the charge." Thus, it appears that plaintiff is incorrect in his assertion that Ozmint admits state law does not allow the withholding on "monies from inmates accounts." This Court finds that plaintiff's objection fails to satisfy either likelihood of success on the merit or irreparable harm.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff fails to meet the standard for issuance of a preliminary injunction and his motion is, hereby, **DENIED**.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

May 31, 2005
Florence, South Carolina